UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALICE K., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01425-MJD-TWP |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR EAJA FEES**

The parties in this case have filed a document entitled Joint Stipulation to an Award of Attorney Fees Under the Equal Access to Justice Act, [Dkt. 19], which the Court construes as a Joint Motion to Award Attorney's Fees. The Court now **GRANTS** the motion for the reasons set forth below.

**I. Background**

On April 9, 2019, Plaintiff filed her Complaint seeking judicial review of the Commissioner's unfavorable finding denying her application for disability benefits. The Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings on November 20, 2019. [Dkt. 17.] On January 3, 2020, the parties filed their stipulation, in which they reported that they agreed that Plaintiff was entitled to an award of attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in the amount of $4,800 and costs in the amount of $400. [Dkt. 19.] The Court ordered Plaintiff to file the necessary documentation to support the fee request, which Plaintiff did on January 23, 2020. [Dkt. 21.]

## II. Discussion

Pursuant to the EAJA, a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file her application (1) showing that she is a "prevailing party," (2) provide the Court with an itemized statement that represents the computation of the fees requested, and (3) allege that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). The Plaintiff has provided the appropriate documentation for her fee request and alleged that the position of the Commissioner was not substantially justified. [Dkt. 21.] Next, the Commissioner bears the burden of proving that his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). As indicated by the filing of the stipulation, the Commissioner has not done so here. The Court also is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" by

Plaintiff or her counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on that ground.

Finally, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff has now done so. [*See* Dkt. 21.] Plaintiff's counsel spent 25.00 hours on this case. [Dkt. 21-1 at 1.] The Court finds the number of hours expended to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id*. at 428-29.

Plaintiff's requested rate of $192.00 per hour for her attorney is consistent with the increase in the cost of living, as set forth in the 2019 Consumer Price Index—All Items Index, since the statutory hourly rate was set at $125 per hour in March 1996. *See* [Dkt. 21.] The Court further finds that this rate does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is consistent with the rate approved in other similar cases in this district. The Court finds that the number of hours Plaintiff's counsel worked to be reasonable.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act [Dkt. 19], and awards fees in the amount of $4,800.00 in attorney fees and costs in the amount of $400.00, for a total award of $5,200.00. An award under the EAJA belongs to Plaintiff and not to her attorney, and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her counsel. [Dkt. 21-2.]

SO ORDERED.

Dated: 31 JAN 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.